**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Stanley Shumake,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No:** |
| v. ) | |
| ) | |
| **Leading Edge Recovery Solutions, L.L.C., an** ) | |
| **Illinois Limited Liability Company; Unknown** ) | |
| **Debt Collectors, Individually, and as Agents,** ) | |
| **Apparent Agents, Servants, and/or Employees** ) | |
| **of Leading Edge Recovery Solutions, L.L.C.,** ) | |
| ) | |
| ) | **JURY DEMANDED** |
| **Defendants.** ) | |

## COMPLAINT AT LAW

**NOW COMES Plaintiff**, **Stanley Shumake**, by his Attorneys, Robert J. Semrad & Associates, L.L.C., and pursuant to this Complaint at Law, states the following against the above named **Defendants**:

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Venue is proper as the actions that give rise to this complaint occurred, **Plaintiff** resides in this District, and **Defendants** reside and conduct business within this District.

## PARTIES

2. **Plaintiff** is a citizen of the County of Cook, State of Illinois, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

3. **Defendant**, **Leading Edge Recovery Solutions, L.L.C.**, (hereinafter "**Leading Edge**") is an Illinois limited liability company, residing and conducting business in the County of Cook, State of Illinois, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

1

4. **Defendants**, **Unknown Debt Collectors**, are each natural persons conducting business in the County of Cook, State of Illinois, and are each a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

5. At all relevant times, **Unknown Debt Collectors** were the agents, apparent agents, servants, and/or employees of **Leading Edge**, and were acting in the course and scope of their agency, servitude and/or employment with **Leading Edge**.

### FACTUAL ALLEGATIONS

6. On or around January, 2012, **Plaintiff** received telephone calls from **Unknown Debt Collectors** in an attempt to collect a debt.

7. **Unknown Debt Collectors** told **Plaintiff** that they were attempting to collect a consumer debt owed to Chase Bank in the approximate amount of $240.00.

8. This alleged debt was a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).

9. During said telephone conversation, **Plaintiff** told **Unknown Debt Collectors** that he did not have any debt with Chase Bank and that he in fact did not owe Chase Bank said debt.

10. During said telephone conversation, **Plaintiff** also told **Unknown Debt Collectors** that the alleged debt probably was his son's debt and that their names were identical.

11. **Unknown Debt Collectors** made the following threats as to what would happen if **Plaintiff** did not pay the debt or make payment arrangements immediately, even after being told by **Plaintiff** that no debt was owed:

   A. that **Plaintiff** would be taken to Court; and

   B. that **Leading Edge** and **Unknown Debt Collectors** would continue to call and harass **Plaintiff** every day until the debt was paid or a repayment plan was entered into.

12. **Defendants** did not have the ability or the present intent to carry out these threats.

13. As a direct and proximate result of the aforesaid harassment, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional harm, physical harm.

## COUNT I
## Plaintiff v. All Defendants
## Fair Debt Collection Practices Act

1-13.   **Plaintiff** restates and re-alleges paragraphs 1-13, as and for paragraphs 1-13 of Count I, as though fully set forth herein.

14.   The aforementioned telephone calls from **Unknown Debt Collectors** to **Plaintiff** were collection communications in violation of provisions of the FDCPA, as aforesaid.

15.   As a direct and proximate result of the aforementioned actions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional harm, physical harm.

16.   As a result of **Defendants'** violations of the FDCPA, **Plaintiff** is entitled to actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1); statutory damages in an amount up to $1,000.00 per incident pursuant to 15 U.S.C. § 1692(k)(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692(k)(a)(3) from **Defendants**.

   **WHEREFORE**, **Plaintiff** prays that judgment be entered

- against **Leading Edge**; and **Unknown Debt Collectors**, individually, and as agents, apparent agents, servants, and/or employees of **Leading Edge,** and each of them, and in favor of **Plaintiff,** for an award of actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1);

- against **Leading Edge**; and **Unknown Debt Collectors**, individually, and as agents, apparent agents, servants, and/or employees of **Leading Edge,** and each of them, and in favor of **Plaintiff,** for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692(k)(a)(2)(A);

- against **Leading Edge**; and **Unknown Debt Collectors**, individually, and as agents, apparent agents, servants, and/or employees of **Leading Edge,** and each of them, and in favor of **Plaintiff,** for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3); and;

- for any other such further relief as may be just and proper.

## COUNT II
## Plaintiff v. Leading Edge
## <u>Negligence</u>

1-13. **Plaintiff** restates and re-alleges paragraphs 1-13, as and for paragraphs 1-13 of Count II, as though fully set forth herein.

14. At all times relevant, **Leading Edge**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collectors** were likely to violate provisions of the FDCPA when collecting debts from **Plaintiff** and others, at the time it hired **Unknown Debt Collectors.**

15. At all times relevant, **Leading Edge**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collectors** were violating provisions of the FDCPA when collecting debts from **Plaintiff** and others, throughout the employ of **Unknown Debt Collectors.**

16. At all times relevant, **Leading Edge**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collectors** required proper training in order to comply with the FDCPA, and that without proper training, were likely to violate the FDCPA.

17. At all times relevant, **Leading Edge** had a duty to exercise due care in the hiring, retention, training, and supervision of the debt collectors in its employ.

18. Notwithstanding the aforesaid duty, **Leading Edge**, by and through its agents, apparent agents, servants, and or employees breached their duty in one or more of the following ways:

   a. Carelessly and negligently hired **Unknown Debt Collectors**;
   b. Carelessly and negligently failed to properly train **Unknown Debt Collectors**;
   c. Carelessly and negligently retained **Unknown Debt Collectors**; and
   d. Carelessly and negligently, failed to properly supervise **Unknown Debt Collectors**.

19. As a direct and proximate result of the aforementioned actions and/or omissions, **Unknown Debt Collectors** violated the FDCPA as aforesaid while attempting to collect a debt from **Plaintiff**.

4

20. As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: stress, anxiety, embarrassment, and emotional and physical harm.

      **WHEREFORE**, **Plaintiff** prays that judgment be entered:

- against **Leading Edge**, in favor of **Plaintiff**, for an award of actual damages;
- against **Leading Edge**, in favor of **Plaintiff**, for an award of costs of suit; and
- For any other such further relief as may be just and proper.

**COUNT III**
**Plaintiff v. Leading Edge**
**Willful, Wanton Behavior**

1-13. **Plaintiff** restates and re-alleges paragraphs 1-13 of the common counts, as and for paragraphs 1-13 of Count III, as though fully set forth herein.

14. At all times relevant, **Leading Edge**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collectors** were likely to violate provisions of the FDCPA when collecting debts from **Plaintiff** and others, at the time it hired **Unknown Debt Collectors.**

15. At all times relevant, **Leading Edge**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collectors** were violating provisions of the FDCPA when collecting debts from **Plaintiff** and others, throughout the employ of **Unknown Debt Collectors**.

16. At all times relevant, **Leading Edge**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collectors** required proper training in order to comply with the FDCPA, and that without proper training, was likely to violate the FDCPA.

17. At all times relevant, **Leading Edge,** had a duty to exercise due care in the hiring, retention, training, and supervision of the debt collectors in its employ.

18. Notwithstanding the aforesaid duty, in conscious disregard to, and in utter disregard for the rights of those it was attempting to collect from, including **Plaintiff**, **Leading Edge**, by and through its agents, apparent agents, servants, and or employees acted willfully and wantonly in one or more of the following ways:

    a.    Willfully and wantonly hired **Unknown Debt Collectors**;

    b.    Willfully and wantonly failed to properly train **Unknown Debt Collectors**;

    c.    Willfully and wantonly retained **Unknown Debt Collectors**; and

    d.    Willfully and wantonly failed to properly supervise **Unknown Debt Collectors.**

19. As a direct and proximate result of the aforementioned actions and/or omissions, **Unknown Debt Collectors** violated the FDCPA as aforesaid while attempting to collect a debt from **Plaintiff**.

20. As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

    **WHEREFORE**, **Plaintiff** prays that judgment be entered:

- against **Leading Edge**, in favor of **Plaintiff**, for an award of actual damages;
- against **Leading Edge**, in favor of **Plaintiff**, for an award of punitive damages;
- against **Leading Edge**, in favor of **Plaintiff**, for an award of costs of suit; and
- For any other such further relief as may be just and proper.

Respectfully Submitted,

/s/ Christian D. Elenbaas
Christian D. Elenbaas
ARDC 6291530

Robert J. Semrad & Associates, L.L.C.
*Attorneys for Plaintiff*
20 S. Clark St., 28th Floor
Chicago, Illinois 60603
Ph 312-913-0625 ext. 1170
Fax 312-476-8530